# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
## Case No. 5:22-cv-46-KDB-DSC

| | |
|---|---|
| MADELINE LORAINE PASZEK-LOWMAN as Administrator of the Estate of Ashley Hurl Stevens, | ) ) ) ) ) |
| Plaintiff, | ) **JOINT PROTECTIVE ORDER FOR RELEASE OF STATE BUREAU OF INVESTIGATION REPORT** |
| vs. | ) |
| CALDWELL COUNTY et al., | ) |
| Defendants. | ) |

PURSUANT to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff and Defendants, with the consent of the North Carolina State Bureau of Investigation, stipulate to the entry of this Protective Order allowing the release of SBI Report, File No. 2020-01113, regarding the criminal investigation into the death of Ashley Hurl Stevens on April 22, 2020 at the Caldwell County Detention Center.

Counsel for the parties and counsel for the SBI stipulate and agree to the following statements of facts in support of the Court's entry of this Protective Order:

1. Counsel for Plaintiff and Defendants have jointly requested the release of the SBI investigation report and file materials from the criminal investigation into the death of Ashley Hurl Stevens on April 22, 2020 (collectively, "SBI Report").

2. The SBI Report is not a public record under North Carolina law but it may be released by order of a court of competent jurisdiction under N.C. Gen. Stat. § 132-1.4

3. The SBI Report is relevant to the subject matter involved in the case before this Court.

4. General Counsel for the SBI, after reviewing the SBI file and related documents, has determined that she has no objection to turning over the SBI Report to counsel for Plaintiff and Defendants in response to the parties' request under this Protective Order for the following reasons:

   a. No policy reasons exist for denial of the parties' request for production of the SBI Report;

   b. There is no prejudice to the SBI by releasing the SBI Report;

   c. There are no identities of persons contained in the materials which need to be protected;

   d. Any criminal investigation which might have been the subject of this SBI file has been concluded; and

   e. The interests of the State of North Carolina are not prejudiced in any way by the release of the SBI Report to counsel for Plaintiff and Defendants.

The Court finds that good cause has been shown for the entry of this Protective Order and authorizes the SBI to release the SBI Report to counsel for Plaintiff and Defendants under the following terms and conditions:

1. Except as may be otherwise provided by further Order of the Court, the documents and materials contained within the SBI Report shall be used for no

purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in paragraph 2 below.

2. Access to and the use of any documents and materials, or any part thereof, of the SBI Report shall be limited to:

   a. the Court;
   b. the parties and attorneys of record for the parties;
   c. court-appointed mediators;
   d. consultants and experts involved in the prosecution and defense of this action;
   e. court reporters and videographers, their transcribers, assistants, and employees;
   f. any potential or actual deposition, hearing, or trial witness to the extent that it is necessary to tender to such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and
   g. the jury.

3. Counsel may make copies of the SBI Report for their experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each expert read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by counsel. By signing the declaration agreeing to be bound by this

Protective Order, each expert submits himself or herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

4. Individuals who are permitted access to the SBI Report pursuant to paragraph 2 are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the terms of this Protective Order.

5. In accordance with the Pretrial Order and Case Management Plan, the ultimate disposition of the SBI Report shall be subject to a final order of the Court on the completion of the litigation. In addition, any motion, memorandum, document or other paper filed with the Court containing documents and materials from the SBI Report is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Civil Rule 6.1 and applicable law.

6. At the conclusion of this litigation, the SBI Report and all copies subject to this Protective Order shall be returned to the SBI or destroyed, with a certification that no other copies exist and that all copies have been duly returned or destroyed in compliance with this Order. The return of exhibits by the Court shall be governed by Local Civil Rule 79.1.

7. This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order, from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to

the modification of this Protective Order, with the consent of the SBI and subject to approval by the Court.

8. This Protective Order shall not apply to the production by the parties of any documents and materials that are included in the SBI Report unless the parties have agreed to keep those documents and materials confidential.

**SO ORDERED.**

Signed: October 26, 2022

David S. Cayer
United States Magistrate Judge

AGREED TO BY:

/s/ Carlos E. Mahoney
Carlos E. Mahoney
N.C. State Bar No. 26509
Mills & Mahoney, P.A.
404 Hunt Street, Suite 100
Durham, NC 27701
Tel: 919-683-2135
cmahoney@gmfm-law.com
Counsel for Plaintiff

/s/ Patrick H. Flanagan
Patrick H. Flanagan
N.C. State Bar No. 17407
Cranfill Sumner LLP
P.O. Box 30787
Charlotte, NC 28230
Tel: 704-332-8300
phf@cshlaw.com
Counsel for Defendants Williams, Genwright, Bradley, Parsons Estate, Dame, Laws, Perry, and Eller

/s/ Kendra Stark
Kendra Stark
N.C. State Bar No. 52408
Allison J. Becker
N.C. State Bar No. 41993
Gordon Rees Scully Mansukhani, LLP
421 Fayetteville Street, Suite 330
Raleigh, NC 27601
Tel: 984-242-1787
kstark@grsm.com
abecker@grsm.com
Counsel for Defendant Beam

/s/ James H. Ferguson, III
James H. Ferguson
N.C. State Bar No. 57889
J. Lawson Hester
N.C. State Bar No. 57754
Sumrell Sugg, P.A.
P.O. Drawer 889
New Bern, NC 28563
Tel: 252-633-3131
jhferguson@nclawyers.com
lhester@nclawyers.com
Counsel for Defendants Caldwell County, Sheriff Jones, and Travelers

/s/ Sara R. Lincoln
Sara R. Lincoln
N.C. State Bar No. 22744
/s/ Heather C. Fuller
Heather C. Fuller
N.C. State Bar No. 52497
Lincoln Derr PLLC
4350 Congress Street, Suite 575
Charlotte, NC 28209
Tel: 704-496-4500
sara.lincoln@lincolnderr.com
heather.fuller@lincolnderr.com
Counsel for Defendants Piland and Institutional Medical Services

/s/ Angel E. Gray
Angel E. Gray
N.C. State Bar 24257
N.C. State Bureau of Investigation
3320 Garner Road
Raleigh, NC 27610
Tel: 919-662-4500
agray@ncsbi.gov
General Counsel for SBI