IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 5:22-cv-46-KDB-DSC

| | |
|---|---|
| MADELINE LORAINE PASZEK-LOWMAN as Administrator of the Estate of Ashley Hurl Stevens, | )<br>)<br>)<br>) |
| Plaintiff, | )    CONSENT PROTECTIVE ORDER |
| vs. | ) |
| CALDWELL COUNTY et al., | ) |
| Defendants. | ) |

PURSUANT to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff and Defendants consent to the entry of this Protective Order allowing Defendant Alan C. Jones, in his official capacity as Sheriff of Caldwell County, to produce confidential employee personnel records subject to N.C. Gen. Stat. § 153A-98.

Counsel for the parties stipulate and agree to the following statements of fact in support of the Court's entry of this Protective Order:

1. In discovery, Plaintiff served Defendant Jones with a First Set of Interrogatories and Requests for Production of Documents. Plaintiff requested the production of certain information and documents contained in the personnel files of individuals who are, or were, employees of the Caldwell County Sheriff's Office.

2. The personnel files are maintained by the Caldwell County Sheriff's Office and are considered confidential under N.C. Gen. Stat. § 153A-98.

3. Under N.C. Gen. Stat. § 153A-98(c), Sheriff Jones is authorized to disclose confidential information in an employee's personnel file by order of a court of competent jurisdiction.

4. Defendant Jones seeks a court order to produce confidential employee personnel files and information in compliance with N.C. Gen. Stat. § 153A-98(c) and to ensure that these documents are not disclosed outside of this proceeding. The other Parties consent to the entry of this Protective Order.

The Court finds that good cause has been shown for the entry of this Protective Order. With the consent of the parties, IT IS HEREBY ORDERED THAT:

1. Defendant Jones is authorized to produce confidential employee personnel files and information as requested by Plaintiff in discovery. Defendant Johnson is also authorized to produce additional confidential or protected documents and information upon proper request pursuant to the Federal Rules of Civil Procedure.

2. Confidential employee personnel files and information, as referenced in Paragraph 1 above, includes information in any form gathered by the Caldwell County Sheriff's Office or Caldwell County which concerns or relates to an employee's application, selection or non-selection, performance, promotions, demotions, transfers, suspension and other disciplinary actions, evaluation forms, leave, salary, and termination of employment. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) audio or video recordings, and (d) any other similar documents.

3. Any personnel files and information produced in this action which are asserted by Defendant Jones to contain or constitute confidential information shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or a comparable notice. Additionally, any other materials asserted by Defendant Jones to be confidential and/or protected shall be marked in the same manner when produced.

4. If any party objects to the designation of any information by Defendant Jones as confidential, counsel for the objecting party and counsel for Defendant Jones shall attempt to resolve the disagreement on an informal basis. If the objection is not resolved, the objecting party may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation.

5. In the absence of written permission from Defendant Jones or its counsel, or by Order of the Court, any Confidential Information obtained in accordance with the provisions of this Protective Order shall not be disclosed to any person other than:

    a. the Court;

    b. the parties and attorneys of record for the parties;

    c. court-appointed mediators;

    d. consultants and experts involved in the prosecution and defense of this action;

e. court reporters and videographers, their transcribers, assistants, and employees;

f. any potential or actual deposition, hearing, or trial witness to the extent that it is necessary to tender to such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and,

g. the jury.

Nothing in this Order is intended to interfere with an employee's right to examine confidential personnel files under N.C.G.S. § 153A-98, to the extent permitted by law.

6. Before Confidential Information is disclosed to consultants or experts described in Paragraph 4(d) of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A. Counsel for the party disclosing the Confidential Information to said person shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the Parties or upon Order of the Court.

7. In the case of deposition testimony, any party may designate information disclosed during a deposition as Confidential Information by either:

a. identifying on the record at the deposition the information that is to be treated as Confidential Information under this Protective Order; or

4

  b. marking the portions of the deposition transcript to be designated as Confidential Information within twenty-one days after receipt of the transcript.

If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 3, and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

  8. In accordance with the Pretrial Order and Case Management Plan, the ultimate disposition of Confidential Information shall be subject to a final order of the Court on the completion of the litigation. In addition, any motion, memorandum, document or other paper filed with the Court containing documents and materials from the Confidential Information is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Civil Rule 6.1 and applicable law.

  9. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

10. At the conclusion of this litigation, including any appeals, Defendant Jones may request in writing the return of Confidential Information by any other party. Within 60 days after service of such a request, any party that received the Confidential Information shall either return the Confidential Information to counsel for Defendant Jones or destroy the Confidential Information and provide a written signed certification. However, counsel shall not be required to return or destroy any regularly maintained litigation files held by the attorney(s) of record for each party as archival records or other attorney work-product. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed shall remain subject to the terms of this Protective Order. The return of trial exhibits by the Court shall be governed by Local Civil Rule 79.1.

11. Neither the terms of this Protective Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate any potential objection to the production of any documents under the Federal Rules of Civil Procedure or the admissibility under the Federal Rules of Evidence of any information subject to this Order.

12. This Protective Order is entered without prejudice to the right of any party or witness to seek relief from this Protective Order, to agree with the other Parties to modify or amend the Protective Order by motion to the Court, or to seek further orders from the Court regarding the additional disclosure or restriction of Confidential Information.

**SO ORDERED.** Signed: November 23, 2022

_____
David S. Cayer
United States Magistrate Judge

7

# EXHIBIT A

## UNDERTAKING TO BE BOUND

I, _____ declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order (hereinafter "Protective Order") in the matter of *Madeline Loraine Paszek-Lowman, as Administrator of the Estate of Ashley Hurl Stevens, et al.* filed in the United States District Court for the Western District of North Carolina, Case No. 5:22-cv-46, and agree that I: (1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order; (2) will not reveal any information provided to me under the terms of this Protective Order to anyone other than such persons designated in this Protective Order; and (3) will utilize such confidential information solely for purposes of this litigation. I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
Signature                             Dated

_____    _____
Printed or Typed Name                 Position

_____

_____
Address